UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFSHIN MONSEFI, Individually and on Behalf of All Those Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ORION ENERGY SYSTEMS, INC., NEAL R. )<br>VERFUERTH, DANIEL J. WAIBEL, )<br>THOMAS A. QUADRACCI, MICHAEL J. )<br>POTTS, DIANA PROPPER de CALLEJON, )<br>JAMES R. CACKLEY, ECKHART G. )<br>GROHMANN, PATRICK J. TROTTER, )<br>THOMAS WEISEL PARTNERS, LLC, )<br>CANACCORD ADAMS, INC., and PACIFIC )<br>GROWTH EQUITIES, LCC, )<br>)<br>Defendants. ) | Civ. No. 1:08 Civ 01328 (RJS)<br><br>ECF Case |
| JASON ALLEN, Individually and on Behalf of All Those Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ORION ENERGY SYSTEMS, INC., NEAL R. )<br>VERFUERTH, DANIEL J. WAIBEL, )<br>THOMAS A. QUADRACCI, MICHAEL J. )<br>POTTS, DIANA PROPPER de CALLEJON, )<br>JAMES R. CACKLEY, ECKHART G. )<br>GROHMANN, PATRICK J. TROTTER, )<br>THOMAS WEISEL PARTNERS, LLC, )<br>CANACCORD ADAMS, INC., and PACIFIC )<br>GROWTH EQUITIES, LCC, )<br>)<br>Defendants. ) | Civ. No. 1:08 Civ 01992 (RJS)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF THE SITZBERGER GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| WILLIAM JENNINGS GOLSTON, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. KACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC,<br>,<br>    Defendants. | Civ. No. 1:08 Civ 2984 (RJS)<br><br>ECF Case |

Table Of Contents

Preliminary Statement ................................................................................................... - 1 -

Statement Of Facts ........................................................................................................ - 3 -

Argument ....................................................................................................................... - 4 -

I.   The Actions Should Be Consolidated For
     All Purposes The Sitzberger Group Should
     Be Appointed Lead Plaintiffs For The Class ..................................................... - 5 -

     A.   The PSLRA Standard For Appointing Lead Plaintiffs ........................... - 5 -

     B.   The Sitzberger Group Satisfies The Pslra Standard
          For Appointment As Lead Plaintiffs ....................................................... - 6 -

          1.   The Sitzberger Group Satisfies The Pslra's
               Procedural Requirements ............................................................. - 6 -

          2.   The Sitzberger Group Possesses The Largest Financial
               Interest In The Relief Sought By The Class ................................ - 7 -

          3.   The Sitzberger Group Meets Rule 23's Typicality
               And Adequacy Requirements ...................................................... - 7 -

II.  The Court Should Approve The Sitzberger
     Group's Selection Of Co-Lead Counsel ............................................................ - 9 -

Conclusion .................................................................................................................. - 10 -

Table Of Authorities

Cases

Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344 (S.D.N.Y. 2002) ................- 4 -

*Allen v. Orion Energy Systems, Inc. et al.*, 1:08-cv-01992-RJS .....................................- 1 -

Bhojwani v. Pistiolis, No. 06 Civ. 13761,
   2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. June 26, 2007) ............................................- 5 -

Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319 (S.D.N.Y. 2004) .................- 9 -

In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285 (2d Cir. 1992) ....................- 8 -

In re Fuwei Films Sec. Litig., 247 F.R.D. 432 (S.D.N.Y. 2008) ....................................- 4 -

Glauser v. EVCI Career Colls. Holding Corp., 236 F.R.D. 184 (S.D.N.Y. 2006) .........- 6 -

*Golston v. Orion Energy Systems, Inc. et al.*, 1:08-cv-02984-RJS ................................- 1 -

In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117 (S.D.N.Y. 2002) ........................- 8 -

Kaplan v. Gelford, 240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................- 4 -

Metro Servs. Inc. v. Wiggins, 158 F.3d 162 (2d Cir. 1998) ...........................................- 5 -

*Monsefi v. Orion Energy Systems, Inc. et al.*, 1:08-cv-01328-RJS ................................- 1 -

In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................- 4 -

In re Prudential Sec. Inc. Ltd. P'Ships Litig., 163 F.R.D. 200 (S.D.N.Y. 1995) .............- 8 -

Strougo v. Brantley Capital Corp., 243 F.R.D. 100 (S.D.N.Y. 2007) ............................- 8 -

Weinberg v. Atlas Air Worldwide Holdings, Inc., 216, F.R.D. 248 (S.D.N.Y. 2003) ...- 8 -

Statutes

15 U.S.C. § 77-1(a)(3)(B) ...............................................................................................- 1 -

15 U.S.C. § 771-4(a)(3)(B)(iii) .......................................................................................- 6 -

15 U.S.C. § 77z-1(a)(3) ............................................................................................ passim

506 U.S. 1088 (1993) ............................................................................................................ - 8 -

Fed. R. Civ. P. 23 ................................................................................................................. - 2 -

Fed. R. Civ. P. 42(a) ............................................................................................................ - 4 -

Private Securities Litigation Reform Act of 1995 .............................................................. - 1 -

Section 27(a)(2)(A) .............................................................................................................. - 6 -

Securities Act of 1933 .......................................................................................................... - 1 -

Movants Daniel Sitzberger and Boris Nayflish (collectively, the "Sitzberger Group"), on behalf of themselves and the Class defined herein, respectfully submit this memorandum of law pursuant to Section 27(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77-1(a)(3)(B), in support of their motion (the "Motion") for the entry of an order: (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing the Sitzberger Group as Lead Plaintiff for the Class of all persons who purchased or otherwise acquired the common stock of Orion Energy Systems, Inc. ("Orion Energy" or the "Company") between December 18, 2007 and February 6, 2008 (the "Class Period"), inclusive, pursuant or traceable to the Registration Statement, and who were damaged thereby (the "Class"); and (iii) approval of their selection of Klafter & Olsen LLP and Spector, Roseman & Kodroff, P.C. as Co-Lead Counsel for the Class.

## PRELIMINARY STATEMENT

Before the Court are three related securities class actions brought on behalf of purchasers of Orion Energy common stock.[1] These Actions involve allegations against Orion Energy, a provider of energy efficient lighting systems, controls and related services for commercial and industrial customers, certain of its officers and directors, and the underwriters of the Company's initial public offering (the "IPO") (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' material misrepresentations and omissions in its December 12, 2007 registration

---

[1] All of the Actions allege the same class period and assert claims arising under the Securities Act of 1933 (the "Securities Act").  They are *Golston v. Orion Energy Systems, Inc. et al.*, 1:08-cv-02984-RJS (asserting claims under Sections 11 and 15 of the Securities Act); *Allen v. Orion Energy Systems, Inc. et al.*, 1:08-cv-01992-RJS (asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act; and *Monsefi v. Orion Energy Systems, Inc. et al.*, 1:08-cv-01328-RJS (asserting claims under Section 11 of the Securities Act). .

- 1 -

statement (the "Registration Statement") filed with the SEC for its December 18, 2007 IPO.

Specifically, it is alleged that the Defendants failed to disclose the following facts: (i) that Orion was having to rapidly shift its focus from its core product of High Intensity Fluorescent ("HIF") lighting systems to new products which were untested in the marketplace; (ii) that as a result of this shift in focus, Orion's revenues would be negatively impacted by, among other things, having to retrain its sales force to market these new products; and (iii) that well before the IPO, the Company had commenced a major factory upgrade which would materially and adversely impact revenues, at a minimum, in Orion's fourth quarter.[2]

Pursuant to the PSLRA, this Court is required to appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). The "most adequate plaintiff" is the movant that demonstrates the "largest financial interest in the litigation" and that also meets the typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23.  15 U.S.C. § 77z-1(a)(3)(B)(iii). The Sitzberger Group suffered estimated losses in excess of $18,500.00, and, to the best of its knowledge, has the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  The Sitzberger Group is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, the Sitzberger Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is fully qualified for appointment as lead plaintiff in the Action. Thus, as

---

[2] The last allegation is only pled in the complaint filed by proposed Co-Lead Counsel, Klafter & Olsen, LLP, on behalf of William Jennings Golston.

- 2 -

demonstrated herein, the Sitzberger Group is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff by the Court.

## STATEMENT OF FACTS

Orion Energy provides energy management systems, consisting primarily of high-performance, energy efficient lighting systems, controls and related services, for commercial and industrial customers. On December 18, 2007, the Company conducted its IPO pursuant to the Registration Statement and a prospectus dated December 18, 2007 (the "Prospectus"). Orion sold 7,692,308 shares on the IPO for $13 per share, realizing over $78 million in net proceeds from the IPO. In addition, Chief Executive Officer Neal R. Verfuerth and family sold 600,000 shares for proceeds of approximately $7 million.

Less than seven weeks after the IPO, in a conference call with analysts held after the close of trading on February 6, 2008, the Company shocked investors when it revealed that its revenues for the quarter ending March 31, 2008 would decline sequentially as the Company took aggressive measures to promote new technologies and a new business model. On this news, shares of Orion fell from a close of $14.90 per share on February 6, 2008 to close at $8.51 the next day on extraordinary volume. After the conference call, the Company also revealed to an analyst that, *before the IPO*, Orion had begun major factory upgrade and that this "retooling" negatively impacted revenues in the fourth quarter. As alleged, none of the material facts regarding the Company's need to shift its focus from its core products or the retooling of its factory were disclosed to investors in the Prospectus.

**ARGUMENT**

**I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) ("*Fuwei Films*"); *Kaplan v. Gelford*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

The Actions at issue here clearly involve common questions of fact and law. All of the Actions assert claims under the Securities Act on behalf of investors who allege that they were misled by the material misrepresentations in, and omissions from, the Prospectus. The Actions allege substantially the same wrongdoing: the Defendants issued materially false and misleading statements and omissions that artificially inflated Orion Energy's stock price during the Class Period and damaged the Class when the truth emerged and Orion Energy's stock price crashed. Therefore, it is appropriate for the Actions to be consolidated. *See Fuwei Films*, 247 F.R.D. at 435 (consolidating two shareholder class actions, both of which asserted claims under the Securities Act concerning an IPO); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (consolidating shareholder class actions often benefits both the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned).

## II.  THE SITZBERGER GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

### A.  The PSLRA Standard For Appointing Lead Plaintiffs

The PSLRA sets forth a detailed procedure for the selection of lead plaintiffs to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i).  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Under 15 U.S.C. § 77z-1(a)(3)(B)(i), the Court is to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "*most capable of adequately representing the interests of class members*."  *See id.* (emphasis added).  As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

> (i)    has either filed the complaint or made a motion in response to the aforementioned notice;
>
> (ii)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (iii)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998); *Fuwei Films*, 247 F.R.D. at 436; *Bhojwani v. Pistiolis*, No. 06 Civ. 13761, 2007 U.S. Dist. LEXIS 52139, at *15 (S.D.N.Y. June 26, 2007).  Once the Court has identified the most adequate plaintiff or plaintiffs, the presumption may only

be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77l-4(a)(3)(B)(iii); *see Fuwei Films*, 247 F.R.D. at 436; *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. The Sitzberger Group Satisfies the PSLRA Standard for Appointment as Lead Plaintiffs

As discussed below, the Sitzberger Group is presumptively the most adequate plaintiff because it has satisfied all the PSLRA's procedural hurdles, holds the largest financial interest of any movant, and there is no impediment to it satisfying Rule 23's typicality and adequacy requirements.

#### 1. The Sitzberger Group Satisfies the PSLRA's Procedural Requirements

The Sitzberger Group has filed this Motion to serve as Lead Plaintiffs in a timely manner. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions caused notice regarding the pending nature of this case to be published in *Primenewswire*, a national, business-oriented news service, on February 11, 2008. *See* Klafter Decl. Ex. F.[3] This notice indicated that applications for appointment as lead plaintiff were to be made no later than April 11, 2008. The Sitzberger Group has filed their Motion within the required time frame.

In addition, pursuant to Section 27(a)(2)(A) of the Securities Act, the two movants comprising the Sitzberger Group have signed and submitted their respective certifications identifying all of their transactions in Orion Energy common stock during

---

[3] All references to Exhibits are references to the exhibits to the Declaration of Jeffery A. Klafter, dated April 11, 2008, filed in support of the Motion.

the Class Period, and detailing their suitability to serve as class representatives in this case.  *See* Klafter Decl. Exs. A and B *and Fuwei Films*, 247 F.R.D. at 437**.**

### 2. The Sitzberger Group Possesses the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the entity or entities with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).  The Sitzberger Group suffered damages of $ 18,574.00 on purchases of 1,700 shares during the Class Period, all of which they held through the end of the Class Period.  *See* Klafter Decl. Ex. C [4]  The Sitzberger Group is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.  Consequently, the Sitzberger Group is entitled to the legal presumption that it is the most adequate plaintiff, given that it also satisfies Rule 23's typicality and adequacy requirements.

### 3. The Sitzberger Group Meets Rule 23's Typicality and Adequacy Requirements

15 U.S.C. § 77z-1(a)(3)(B) requires that Lead Plaintiffs satisfy Rule 23(a) of the Federal Rules of Civil Procedure.  Rule 23(a) allows members of the Class to sue as representative parties on behalf of the Class provided that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims of the representative parties are typical of the claims of the Class; and (4) the representative parties will fairly and adequately protect the interests of the Class.

---

[4] These loss calculations reflected in Klafter Decl. Ex. C are solely for purposes of this Motion using the average price of Orion Energy stock from February 7, 2008 through April 10, 2008 as a baseline against shares still currently held by the Sitzberger Group.

Only Rule 23's typicality and adequacy requirements are relevant when determining class representatives. *See, e.g.*, *Fuwei Films*, 247 F.R.D. at 436; *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216, F.R.D. 248, 252 (S.D.N.Y. 2003). In addition, when ruling on a motion to serve as lead plaintiffs, the Court need only determine whether the movants have made a preliminary showing that the typicality and adequacy requirements of Rule 23 have been met. *Fuwei Films*, 247 F.R.D. at 436.

Typicality is demonstrated where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Fuwei Films*, 247 F.R.D. at 436 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)). *See also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (the movant's claims must "arise from the same conduct from which the other class members' claims and injuries arise."). The movant's claims do not, however, need to be identical to the other Class members' claims. *Fuwei Films*, 247 F.R.D. at 436; *Weinberg*, 216 F.R.D. at 253; *see also In re Prudential Sec. Inc. Ltd. P'Ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical.'")

The Sitzberger Group's claims are clearly typical of the Class' claims. The Sitzberger Group purchased Orion Energy common stock issued pursuant to the Registration Statement during the Class Period, suffered damages as a result of the Company's false and misleading Registration Statement and Prospectus, and possess claims against all defendants under the federal securities laws. Because the factual and

legal bases of the Sitzberger Group's claims are substantially the same – if not identical to – those of the Class, the Sitzberger Group necessarily satisfies the typicality requirement. *See Fuwei Films*, 247 F.R.D. at 437.

Adequacy is demonstrated where the movant (1) selects class counsel that is qualified, experienced, and generally able to conduct the litigation; (2) does not have any interests that are antagonistic to the Class; and (3) possesses sufficient interest to pursue vigorous prosecution of the claims. *See Fuwei Films*, 247 F.R.D. at 436; *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citations omitted).

The Sitzberger Group is more than adequate to represent the Class. The Sitzberger Group has selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. As explained below in Point III, below, Klafter & Olsen LLP and Spector, Roseman & Kodroff P.C. are highly regarded for their experience, knowledge, and ability to conduct complex securities class action litigation and have been appointed lead counsel in numerous securities class actions since the PSLRA was enacted. Moreover, the Sitzberger Group's interests are directly aligned with – and by no means antagonistic to – the Class and has every incentive to maximize the Class's recovery.

**III.   THE COURT SHOULD APPROVE THE SITZBERGER GROUP'S SELECTION OF CO-LEAD COUNSEL**

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), Lead Plaintiffs are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. *Fuwei Films*, 247 F.R.D. at 439. The Sitzberger Group has selected Klafter & Olsen LLP and Spector, Roseman & Kodroff P.C. to be Co-Lead Counsel for the Class. As reflected in their firm resumes, Klafter & Olsen LLP and Spector, Roseman & Kodroff P.C. possesses

extensive experience litigating securities class actions, having successfully prosecuted numerous securities class actions and other complex litigation matters.  *See* Klafter Decl. Exs. D and E.  Accordingly, the Court should approve the Sitzberger Group's selection of Klafter & Olsen LLP and Spector, Roseman & Kodroff P.C. as Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Sitzberger Group respectfully requests that the Court:  (1) consolidate the Actions and any related actions that may be filed;  (2) appoint the Sitzberger Group as Lead Plaintiff for the consolidated action; (3) approve its selection of Klafter & Olsen LLP and Spector, Roseman & Kodroff P.C as Co-Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

DATED:  April 11, 2008                                     KLAFTER & OLSEN LLP

                                                          s/  Jeffrey Klafter
                                                    JEFFREY A. KLAFTER (JK-0953)
                                                    1311 Mamaroneck Avenue, Suite 220
                                                    White Plains, New York 10605
                                                    Telephone: (914) 997-5656
                                                    Facsimile: (914) 997-2444


                                                    KLAFTER & OLSEN LLP
                                                    KURT B. OLSEN
                                                    1250 Connecticut Ave., N.W., Suite 200
                                                    Washington, DC  20036
                                                    Telephone: (202) 261-3553
                                                    Facsimile: (202) 261-3533

SPECTOR, ROSEMAN & KODROFF, P.C.
Robert M. Roseman
Andrew D. Abramowitz
David Felderman
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6612

Attorneys for the Sitzberger Group