**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AFSHIN MONSEFI, Individually and on Behalf of All Those Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>) | |
| | Civ. No. 1:08 Civ 01328 (RJS) |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ECF Case |
| Defendants. ) | |

| | |
|---|---|
| JASON ALLEN, Individually and on Behalf of All Those Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>) | |
| | Civ. No. 1:08 Civ 01992 (RJS) |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ECF Case |
| Defendants. ) | |

**DECLARATION OF JEFFREY A. KLAFTER IN SUPPORT OF**
**MOTION OF THE SITZBERGER GROUP FOR**
**CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS,**
**AND APPROVAL OF CO-LEAD COUNSEL**

WILLIAM JENNINGS GOLSTON, On Behalf )
of Himself and All Others Similarly Situated, )
                                             )
                Plaintiff,                   )
                                             )
        vs.                                  )
                                             )    Civ. No. 1:08 Civ 2984 (RJS)
                                             )
ORION ENERGY SYSTEMS, INC., NEAL R.          )    ECF Case
VERFUERTH, DANIEL J. WAIBEL, THOMAS          )
A. QUADRACCI, MICHAEL J. POTTS, DIANA        )
PROPPER de CALLEJON, JAMES R.                )
KACKLEY, ECKHART G. GROHMANN,                )
PATRICK J. TROTTER, THOMAS WEISEL            )
PARTNERS, LLC, CANACCORD ADAMS,              )
INC., and PACIFIC GROWTH EQUITIES, LCC,      )
,                                            )
                                             )
                Defendants.                  )
_____

I, the undersigned, Jeffrey A. Klafter, do hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am a partner in the firm of Klafter & Olsen LLP and am licensed to practice law in the State of New York, this District, the Second Circuit Court of Appeals and the United States Supreme Court.

2.      I submit this Declaration in support of the Motion of Daniel Sitzberger and Boris Nayflish (collectively, the "Sitzberger Group") for Consolidation, Appointment as Lead Plaintiffs, and Approval of Co-Lead Counsel.

3.      Attached hereto as Exhibit A is a true and correct copy of the Certification of Daniel Sitzberger.

4.      Attached hereto as Exhibit B is a true and correct copy of the Certification of Boris Nayflish.

5.      Attached hereto as Exhibit C is a true and correct copy of the loss calculations for the Sitzberger Group.

6.      Attached hereto as Exhibit D is a true and correct copy of the Firm Resume of Klafter & Olsen LLP.

7.      Attached hereto as Exhibit E is a true and correct copy of the Firm Resume of Spector, Roseman & Kodroff, P.C.

8.      Attached hereto as Exhibit F is a true and correct copy of the first notice published pursuant to the Private Securities Litigation Reform Act.

EXECUTED on the 11th day of April, 2008.


  s/ Jeffrey Klafter
Jeffrey A. Klafter

# EXHIBIT A

## ORION ENERGY SYSTEMS, INC.
## CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS

_Daniel Sitzberger_ ("Plaintiff") duly swears and says, as to the claims asserted under the federal securities laws, that:

1.    I have retained Klafter & Olsen LLP as my counsel, reviewed the complaint, and authorized the filing of a substantially similar complaint on my behalf. I understand that Klafter & Olsen LLP may join with other qualified counsel to prosecute this case.

2.    The security that is the subject of this action was not purchased at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    The transactions in the security that is the subject of this action during the Class Period are as follows:

| Date | Number of Shares Purchased | Price Per Share |
|------|---------------------------|-----------------|
| 1/11/08 | 1,000 | 19.50 |

| Date | Number of Shares Sold | Price Per Share |
|------|----------------------|-----------------|
| HAVE | not | sold |

5.     Plaintiff has not sought to serve as a class representative in more than five class actions filed under the securities laws in the last three (3) years.  Other than this action, Plaintiff has sought to be appointed a lead plaintiff in the following action(s):

Action                              Date

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the Court for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.  Executed this ___28___ day of March 2008, at

_Milwaukee  WI_.

Plaintiff's signature

# EXHIBIT B

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

I, Boris Nayflish ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    I am the plaintiff in the Complaint, and make this certification pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995, and as required by Section 21D(a)(2) of Title I of the Securities Exchange Act of 1934.

2.    I have reviewed the foregoing complaint filed on my behalf and on behalf of all others similarly situated, and I authorized its filing.

3.    I did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action arising under Title I of the Securities Exchange Act of 1934.

4.    I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.    The following are all my transactions in Orion Energy Systems, Inc. common stock that are the subject of this action during the Class Period specified in the Complaint:

| No. Of Sh. Purchased | Price Per Share | Date | No. Of Sh. Sold | Price Per Share | Date |
|---|---|---|---|---|---|
| 100 | 20.50 | 12/19/07 | | | |
| 300 | 21.00 | 12/20/07 | | | |
| 300 | 22.46 | 12/26/07 | | | |

Total number of shares held at the start of the Class Period:    _0_

SPECTOR, ROSEMAN & KODROFF, P.C.

6.    As of the date of this Certification, I have sought to serve as a representative party on behalf of a class under Title I of the Securities Exchange Act of 1934 for the following:

(Please indicate any other class action cases in which you are or have been involved in during the prior three years.)

*None*

7.    I agree not to accept any payment for serving as a representative party on behalf of the class beyond my <u>pro rata</u> share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

8.    I make this Certification without waiver of any applicable privileges and without waiver of any right to challenge the necessity for, or the constitutionality of, this Certification, or to object to the filing of this Certification on any ground whatsoever.

I declare under penalty of perjury that the matters stated in this Certification are true to the best of my knowledge, information and belief.

Executed this **22** day of the month of ___*Feb*___, 2008.

_____
Boris Nayflish

_____

SPECTOR, ROSEMAN & KODROFF, P.C.

# EXHIBIT C

**Sitzberger Group Class Period Loss Analysis - Orion Energy Systems, Inc.**

| Name | Date Purchased | # of Shares | Price Per Share | | Total Cost | # Shares Sold |
|------|---------------|-------------|-----------------|---|-----------|---------------|
| Daniel Sitzberger | 1/11/2008 | 1000 | $ | 19.50 | $ 19,500.00 | 0 |
| | | | | | | |
| Boris Nayflish | 12/19/2007 | 100 | $ | 20.50 | $ 2,050.00 | 0 |
| | 12/20/2007 | 300 | $ | 21.00 | $ 6,300.00 | 0 |
| | 12/26/2007 | 300 | $ | 22.46 | $ 6,738.00 | 0 |
| | | 700 | | | $ 15,088.00 | |

| | Combined Cost | $ 34,588.00 |
|---|---|---|
| | Retained Share Value<br>@ $9.42 / share | $ 16,014.00 |
| | Total Loss | $ 18,574.00 |

*Note: $9.42 per shares represents the unweighted average closing price 2/7/08 - 4/10/08*

**EXHIBIT D**

# KLAFTER & OLSEN LLP

Jeffrey Klafter and Kurt Olsen founded Klafter & Olsen LLP (the "Firm") in June 2003. The Firm has offices in New York and Washington D.C.  Together, Messrs. Klafter and Olsen bring almost forty years combined experience representing plaintiffs and defendants in a wide variety of litigation matters including securities, antitrust, corporate governance, and derivative actions as well as concurrent bankruptcy proceedings.  The Firm's philosophy is to aggressively prosecute select actions as opposed to a "volume" type operation.  The Firm provides its clients with the full spectrum of legal services including: (i) factual investigation, forensic accounting, and legal analysis; (ii) written reports advising the client of the merits of the case, developments in the litigation, and settlement issues; and (iii) advisory services on an "as needed" basis on both case specific and general securities litigation matters.

The Firm has acted as a lead counsel in multiple class actions and has served as co-lead counsel in four class actions in which over $55 million has been  recovered:

- *In re Eaton Vance Corporation Securities Litigation*, Civil Action No. 01-10911-EFH (D. Mass.) ($10.5 million settlement)

- *In re Viisage Technologies, Inc. Securities Litigation*, Civil Action No. 05-cv-10438 – MLW (D. Mass.) ($2.3 million settlement)

- *In re Ashworth, Inc. Securities Litigation*, Master File No. 99cv0121-L(JFS) (S.D. Cal.) ($15.25 million settlement)

- *In re SmarTalk Teleservices Inc. Securities  Litigation*, MDL Docket No. 00-1315 (S.D. Ohio) ($27.1 million)

The Firm is currently Court-appointed co-lead counsel in *Ruland v. Infosonics Corp. et al.,* Case No. 06cv1231 BTM(WMc).  In addition, the Firm has been selected by CompuDyne Corporation (NASD: CDCY) to represent it in pursuing claims against individuals and entities who illegally sold the Company's stock short in advance of a $30 million private placement, and recently achieved a $4.8 million settlement with certain of the short-sellers.

In other complex litigation, the Firm currently has significant roles in the prosecution of *In re IBM Corp. Securities Litigation*, No. 05 Civ. 6279 (AKH) (S.D.N.Y.) and *In re 2007 Novastar Financial Inc. Securities Litigation*, No. 07-0139-CV-W-ODS (W.D. Mo.), and had a significant role in the recently settled *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708 (DWF/AJB) (D. Minn.).

# EXHIBIT D

**Jeffrey A. Klafter** has more than twenty-five years of experience in prosecuting securities and commercial litigation.  From 1988 until mid-2003, Mr. Klafter was a partner of Bernstein Litowitz Berger & Grossmann LLP.  Early in his career, Mr. Klafter was one of the principal lawyers responsible for the prosecution of over 100 defendants to recoup the losses suffered by the purchasers of municipal bonds issued by the Washington Public Power Supply System when it defaulted on those bonds.  That litigation resulted in the recovery of over $800 million, one of the largest securities fraud settlements in history.  Mr. Klafter has also served as sole or co lead counsel in prosecuting numerous securities class actions on behalf of investors in common stock, municipal bonds, convertible debentures and preferred stock in which hundreds of millions of dollars have been recovered on behalf of investors.  Among the many notable achievements for which he had sole or shared responsibility are the recovery of $48 million in *In re Independent Energy PLC Securities Litigation*; the recovery of $300 million in *In Re: DaimlerChrysler AG Securities Litigation*, the decision of the Second Circuit Court of Appeals reversing the district court's dismissal of plaintiffs' complaint in *In re Scholastic Corp. Securities Litigation* and ultimate settlement of that litigation; the recovery with Mr. Olsen of $27.1 million in *In re SmarTalk Teleservices Inc. Securities Litigation*, and a significant recovery on behalf of holders of Sun Oil Company preferred stock in litigation over the indenture governing the stock.

Since forming Klafter & Olsen LLP, Mr. Klafter has also served as special counsel to lead counsel in the *In re Ahold N.V. Securities & ERISA Litigation*, Civil No.: 1:03-MD-01539-CCB (D. Md.) in which $1.1 billion was recovered on behalf of the class, and is also acting as special counsel to lead counsel in two pending class actions: *Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Financial Corporation et al.*, Case No. CV07-07097 MRP(MANx) (C.D. Cal.) and *Decicco, et al. v. United Rentals, Inc., et. al.*, Master Docket No. 3:07-cv-1708 (JCH).

Mr. Klafter has also been responsible for the prosecution of innovative and diverse litigation successfully challenging Delaware regulations governing the disposal of solid waste on behalf of waste haulers; the laying of fiber optic cable along railroad rights of way on behalf of adjoining landowners; and efforts to impose the cost of Y2K compliance on businesses and medical practices by suppliers of various computer software.

Mr. Klafter is a member of the Bar of the State of New York, the United States District Court for the Southern District of New York, other federal district courts, the Second Circuit Court of Appeals, and the United States Supreme Court.  Mr. Klafter is a member of the Securities Law Committee of the Commercial and Federal Litigation Section of the New York State Bar Association; the Class Actions and Derivative Suits Committee of the Litigation Section of the American Bar Association, and is a noted author and lecturer on securities litigation issues.

**Kurt B. Olsen** has more than fifteen years of experience representing plaintiffs and defendants in commercial, Title VII, and securities class action litigation.  In September 1997, Mr. Olsen founded The Olsen Law Firm.  The Firm focused on uncovering complex accounting schemes before they became public including several actions where the defendant companies were forced to restate their financial results after the Firm filed suit.  As a lead counsel, Mr. Olsen successfully prosecuted several prominent federal securities class actions including: *In re SmarTalk Teleservices Inc. Securities  Litigation* ($27.1 million total settlement); *Edwards v. Casino DataSystems, Inc.*($5 million settlement); and *Broderick v. PHP Healthcare Corporation.*($4.5 million settlement); *In re Ashworth, Inc. Securities Litigation* ($15.25 million settlement).  In *SmarTalk*, the district court recognized the $15 million settlement with the company's auditor, defendant PricewaterhouseCoopers LLP, as an "extraordinary" recovery.

Prior to founding The Olsen Law Firm, Mr. Olsen was associated with the Washington D.C. office of Kirkland & Ellis where he represented General Motors Corp., Dow Corning Corp., and the Dow Chemical Co. in various products liability actions. He also served as co-lead trial counsel in *Scott v. Dow Corning, Inc.*, one of only two trial victories in Texas for Dow Corning in the breast implant litigation.  Mr. Olsen is a graduate of the U.S. Naval Academy (B.S. *with Merit* 1984) and the National Law Center, George Washington University (J.D. *with Honors* 1992).  During his career in the U.S. Navy, Mr. Olsen served as a Naval Special Warfare Officer assigned to SEAL Team Five in Coronado, California. He has traveled extensively in the Middle East and Far East, primarily as a special operations platoon commander.

Mr. Olsen is a member of the Bar of the District of Columbia and the State of Maryland, and a member of the United States District Court for the District of Maryland and the District of Columbia.

**Susan Burns** has served as Of Counsel to the Firm since August 2005 and has had significant responsibility for the discovery proceedings in *In re Insurance Brokerage Antitrust Litigation*, MDL  No. 1663, No. 04-5184 (FSH) (D. N.J.).  Ms. Burns has twenty years of diverse experience including large-scale antitrust, pharmaceutical, products liability and securities fraud discovery experience.

Ms. Burns is a member of the Bar of the State of Minnesota, the United States District Court for the District of Minnesota and the United States Court of Appeals for the Federal Circuit.

**Christina Svalstad** has been associated with the Firm since March 2006 and has over three years experience in discovery proceedings in complex litigation.  Ms. Svalstad received her J.D., *cum laude*, from the University of Minnesota in 1999.  Ms. Svalstad is a member of the Bars of the States of Minnesota and Florida.

3

# EXHIBIT E



A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-0300
FAX (215) 496-6611
http://www.srk-law.com
email: classaction@srk-law.com

## FIRM BIOGRAPHY

Spector Roseman & Kodroff is a highly successful law firm with a nationwide practice that focuses on class actions and complex litigation, including securities, antitrust, consumer protection, contract and commercial claims.  The firm is active in major litigation in state and federal courts throughout the country.  The firm's reputation for excellence has been recognized on numerous occasions by courts which have appointed the firm as lead counsel in major class actions.  As a result of the firm's efforts, defrauded consumers and shareholders have recovered billions of dollars in damages.  The firm is rated "AV" by Martindale-Hubbell, its highest rating for competence and integrity.

Judges throughout the country have recognized contributions of the law firm in class action cases:

• "Here, Plaintiffs' counsel are highly experienced in complex antitrust litigation, as evidenced by the attorney biographies filed with the Court. . . .  They have obtained a significant settlement for the Class despite the complexity and difficulties of this case."  *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, C.A. No. 03-4578 (E.D. Pa. May 19, 2005);

• "Counsel are among the most experienced lawyers the national bar has to offer in the prosecution and defense of significant class actions."  *In re Lupron Marketing and Sales Practices Litigation*, 345 F. Supp. 2d 135, 137-38 (D. Mass. 2004);

• "[T]he class attorneys in this case have worked with enthusiasm and have been creative in their attempt to compensate as many members of the consumer class as possible. . . .  This Court has consistently noted the exceptional efforts of class counsel."  *In re Relafen Antitrust Litigation*, 231 F.R.D. 52, 80 (D. Mass. 2005).

• "Co-lead counsel Eugene Spector is a skilled and respected member of the bar who deftly managed this class action litigation."  *In re New York City Shoes Inc. Securities Litigation*, C.A. No. 87-4677 (E.D. Pa.);

• "I'm very appreciative of this kind of good work by lawyers."  *Larkin v. Collins*, C.A. No. 93-1252 (D. Kan.);

• "[Counsel for plaintiffs are] highly experienced and capable attorneys of good reputation . . . [who] have performed both with proficiency and efficiency. . . ." *In re Oak Industries Securities Litigation*, Master File No. 83-0537-G(M) (S.D. Cal.) (court approved settlement in excess of $32 million);

• "But for the extraordinary work and skill of the plaintiffs' attorneys, there would have been no benefit to the class at all. . . .  You have advanced the goal of litigation with dispatch and with dignity. . . ." *Swanick v. Felton*, C.A. No. 91-1350 (E.D. Pa.).

<h2 style="text-align:center">Partners</h2>

**EUGENE A. SPECTOR**, senior partner, has extensive experience in complex litigation, and has represented both plaintiffs and defendants in securities and antitrust cases.  Mr. Spector was formerly a litigator with the firm of Schnader, Harrison, Segal and Lewis; and with Gross & Sklar, P.C., where he established and headed the securities litigation section of the firm.

Mr. Spector has served as lead or co-lead counsel for plaintiffs in numerous cases with successful results, such as:

• *In re Linerboard Antitrust Litigation*, C.A. No. 98-5055 (E.D. Pa.), a nationwide antitrust action ultimately settled for $202 million.

• *In re Relafen Antitrust Litigation*, C.A. No. 01-12239 (D. Mass.), a drug marketing case that settled for $75 million for indirect purchasers;

• *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.), an price-fixing/market allocation antitrust action that settled for $120 million;

• *Cohen v. MacAndrews & Forbes Group, Inc.*, C.A. No. 7390 (Del. Ch.), a class action on behalf of shareholders challenging a going-private transaction under Delaware corporate law in which a benefit in excess of $11,000,000 was obtained for the class;

• *Goldberg v. Americana Hotels and Realty Corp.*, C.A. No. 86-3166-Y (D. Mass.) (co-lead), a securities fraud class action in which a $9,500,000 settlement was approved by the Court;

• *Shanno v. Magee Industrial Enterprises, Inc.*, C.A. No. 79-2038 (E.D. Pa.) (trial counsel for defendants), a securities fraud action;

• *In re U.S. Healthcare Securities Litigation*, C.A. No. 88-559 (E.D. Pa.) (trial counsel);

• *PNB Mortgage and Realty Trust by Richardson v. Philadelphia National Bank*, C.A. No. 82-5023 (E.D. Pa.), a shareholders derivative and proxy violation action;

- *In re GCA Corporation Securities Litigation*, C.A. No. 85-4693-C (D. Mass.) (co-lead), a securities fraud action in which a settlement valued at more than $6,000,000 was obtained;

- *Tolan v. Computervision, Inc.*, C.A. No. 85-1396 (D. Mass.), in which the Court approved a settlement of $7,500,000 on behalf of the class;

- *In re RAC Mortgage Investment Corp. Securities Litigation*, MDL Docket No. 824 (D. Md.) (co-lead), where the Court approved a settlement of $11,000,000 on behalf of the class.

Mr. Spector has served as lead counsel or co-lead counsel in a number of other securities fraud class action cases and shareholder derivative actions: *Swanick v. Felton*, C.A. No. 91-1350 (E.D. Pa.); *In re Surgical Laser Technologies, Inc. Securities Litigation*, C.A. No. 91-CV-2478 (E.D. Pa.); *Tolan v. Adler*, C.A. No. C-90-20710-WAI (PVT) (N.D. Cal.); *Rosenthal v. Dean Witter, Reynolds, Inc.*, C.A. No. 91-F-591 (D. Colo.); *Soenen v. American Dental Laser, Inc.*, No. 92 CV 71917 DT (E.D. Mich.); *In re Sunrise Technologies Securities Litigation*, Master File No. C-92-0948-THE (N.D. Cal.); *The Berwyn Fund v. Kline*, C.A. No. 4671-S-1991 (Dauphin Cty. C.C.P.); *In re Pacific Enterprises Securities Litigation*, Master File No. CV-92-0841-JSL (C.D. Cal.); *In re New America High Income Fund Securities Litigation*, Master File No. 90-10782-MA (D. Mass.); and *In re RasterOps Corp. Securities Litigation*, C.A. No. C-92-20349-RMW(EAI) (N.D. Cal. 1992).

Mr. Spector is currently serving as lead or co-lead counsel in a number of antitrust cases, including *In re Mercedes-Benz Antitrust Litigation*, Master File No. 99-4311 (D. N.J.); and *In re K-Dur Antitrust Lititgation*, MDL Docket No. 1419 (D. N.J.).

Further, Mr. Spector has actively participated as plaintiffs' counsel in national class action antitrust cases, including *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH (N.D. Cal.) (executive committee); *In re Vitamins Antitrust Litigation*, Misc. No. 99-0197 (TFH) (D.D.C.) (Chair of the discovery committee); *In re Neurontin Antitrust Litigation*, MDL No. 1479 (D. N.J.) (executive committee); *Ryan-House v. GlaxoSmithKline, plc*, No. 02-CV-442 (ED Va.) (co-chair class certification committee); *In re Bulk [Extruded] Graphite Products Antitrust Litigation*, Master File No. 02-CV-06030 (D. N.J.) (chair of experts committee); *In re Publication Paper Antitrust Litigation*, No 04-MD-1631 (D. Conn.); *In re Polyester Staple Antitrust Litigation*, No. 03-CV-1576 (W.D.N.C.); *Chlorine & Caustic Soda Antitrust Litigation*, Civ. A. No. 86-5428 (E.D. Pa.); *In re Brand Name Prescription Drug Antitrust Litigation*, MDL No. 997 (N.D. Ill.); *Polypropylene Carpet Antitrust Litigation*, MDL No. 1075 (N.D. Ga.); *NASDAQ Market Markers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.); *Potash Antitrust Litigation*, MDL No. 981 (D. Minn.); *Commercial Tissue Products Antitrust Litigation*, MDL No. 1189 (N.D. Fla.); *High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087 (C.D. Ill.).

In 2002, Mr. Spector obtained a jury verdict of $4.5 million in *Heiser v. SEPTA*, No. 3167 July Term 1999 (Phila. C.C.P.), an employment class action.

Mr. Spector is admitted to practice in the Commonwealth of Pennsylvania; the United States Supreme Court; the United States Courts of Appeals for the First, Third, Fifth, Ninth and Tenth Circuits; and the United States District Court for the Eastern District of Pennsylvania. He is a graduate of Temple University (B.A. 1965) and an honors graduate of Temple University School of Law (J.D. 1970), where he was an editor of the *Temple Law Quarterly*. He served as law clerk to the Honorable Herbert B. Cohen and the Honorable Alexander F. Barbieri, Justices of the Pennsylvania Supreme Court (1970-71).

Mr. Spector has written a number of articles over the years which appeared in the *National Law Journal*, the *Legal Intelligencer*, and other trade and legal publications; and he has appeared on CNBC to discuss securities fraud. He is a member of the American, Federal, Pennsylvania and Philadelphia Bar Associations; the American Bar Association's Antitrust and Litigation Sections and the Securities Law Sub-Committee of the Litigation Section; and the Federal Courts Committee of the Philadelphia Bar Association.

**ROBERT M. ROSEMAN,** a founding partner of SRK, chairs the Firm's domestic and international securities practice. His practice focuses on investor protection issues, including enforcement of federal securities laws and state laws involving fiduciary duties of directors.

Mr. Roseman has served or is serving as co-lead counsel in numerous major cases, including:

- *In re PSINet, Inc. Securities Litigation*, Civ. No. 00-1850-A (E.D. Va.)

- *In re Unisys Corporation Securities Litigation*, No. 99-CV-5333 (E.D. Pa.)

- *O'Brien v. Ashcroft* (*Tyco Corp. Derivative Litigation*), No. 03-E-0005 (N.H. Super. Ct.)

- *Brudno v. Wise* (*El Paso Corp. Derivative Action*), C.A. No. 19953NC (New Castle Cty., Del. Ch.)

- *In re Xcel Energy, Inc. Securities Derivative & "ERISA" Litigation*, MDL No. 1511 (D. Minn.)

- *In re Capstead Mortgage Corporation Securities Litigation*, No. 3:98-CV-1716-L (N.D. Tex.)

- *In re S3 Securities Litigation*, Master File CV770003 (Sup. Ct. Cal.)

- *In re Conner Peripherals, Inc. Securities Litigation*, Master File No. C-93-20367-JW-(EAI) (N.D. Cal. 1993)

- *In re Information Resources, Inc. Securities Litigation*, Master File No. 94-C-2432 (N.D. Ill. 1994)

- *Felzen v. Andreas (Archer Daniels Midland Co. Derivative Litigation)*, C.A. No. 95-2279 (C.D. Ill.)

- *In re IMP Securities Litigation*, Case No. C-96-20826-SW (PVT) (N.D. Cal.)

- *Sports and Recreation Securities Litigation*, No. 95-424-CIV-T-25C (M.D. Fla.)

- *In re Autodesk, Inc. Securities Litigation*, Master File No. C-92-0553 SAW (JSB) (N.D. Cal.)

- *In re Sam & Libby Securities Litigation*, C.A. No. C-92-1564-WHO (N.D. Cal.)

- *Shore v. Ukropina (Pacific Enterprises, Inc.)*, Case No. BC047961 (Cal. Super. Ct.)

- *In re Syntex Corp. Securities Litigation*, Master File No. 92-20548 (PVT) (N.D. Cal.)

- *In re Shared Medical Systems Corp. Securities Litigation*, Master File No. 87-5601 (E.D. Pa.)

- *In re USACafes, L.P. Litigation*, Consol. C.A. No. 11146 (Del. Ch. 1989)

- *Miller v. New America High Income Fund*, C.A. No. 90-10782-MA (D. Mass.) (chairman of the executive committee)

- *Lucia v. Prospect Street High Income Portfolio, Inc.*, C.A. No. 90-10781-MA (D. Mass.)

- *In re Leslie Fay Securities Litigation*, No. 92 Civ. 8036 (WCC) (S.D.N.Y. 1992) (member of the executive committee)

In addition, Mr. Roseman has played a major role in *In re Edison Schools, Inc. Securities Litigation*, No. 02 Civ. 3692 (S.D.N.Y.); *In re Bristol-Myers Squibb Derivative Litigation*, No. 02 Civ. 8571 (S.D.N.Y.); *In re Iomega Securities Litigation*, C.A. No. 86-273 (D. Conn.); *In re RAC Mortgage Investment Corp. Securities Litigation*, MDL Docket No. 824 (D. Md.); and *In re Wedgestone Financial Securities Litigation*, Master File No. 89-0987-S (D. Mass.).

Mr. Roseman is co-counsel representing Italian, French, and Belgium institutional investors in *In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK) (S.D.N.Y.); the Brussels-based KBC Asset Management in *In re Royal Dutch/Shell Securities Litigation*, C.A. No. 04-374 (D. N.J.); and Greek-based Avalon Holdings Inc. in *In re Converium Holding AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.). He has been a frequent speaker at U.S. and international conferences on issues related to investor protection and corporate governance, including institutional investor conferences in London, Paris and Amsterdam. He was also asked to speak before the United Nations Corporate Governance conference in San Palo in June 2004.

Mr. Roseman is admitted to practice in the Commonwealth of Pennsylvania and the State of New York; the United States Supreme Court; the Court of Appeals for the Third and Seventh Circuits; and the United States District Courts for the Eastern District of Pennsylvania and the Central District of Illinois. He is also a member of the Philadelphia, Pennsylvania, New York State, and Federal Bar Associations. He has lectured extensively throughout Europe on the role of private litigation in enforcing U.S. securities laws. He earned a B.S. degree with honors in political science from the State University of New York in 1978, and a J.D. degree in 1982 from Temple University School of Law. He is AV-rated by Martindale-Hubbell.

**JEFFREY L. KODROFF** concentrates his practice in healthcare antitrust, securities and consumer litigation. He was among the first attorneys to represent clients in class action litigation against national health maintenance organizations. He also filed the first class action complaint against the manufacturers of Lupron relating to the marketing practices and use of the published Average Wholesale Price. Mr. Kodroff was co-lead counsel in *In re Lupron Marketing and Sales Practices Litigation*, MDL No. 1430 (D. Mass.), which settled for $150 million; and *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.).

He has also served as lead or co-lead counsel in other pharmaceutical marketing cases, including *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, C.A. 05-11148 (D. Mass.); and *District 37 Health and Securities Fund v. Medi-Span*, C.A. No. 07-10988 (D. Mass. 2007); *Stop & Shop Supermarket Co. v. Smithkline Beecham Corp.* C.A. 03-4578 (E.D. Pa.) ($100 million settlement for direct purchasers); *In re Express Scripts, Inc., PBM Litigation*, Master Case No. 05-md-01672-SNL (E.D. Mo.); *In re Lovenox Antitrust Litigation*, Case No. CV05-5598 (C.D. Cal.); *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litig.*, MDL Docket No. 1699 (N.D. Cal.).

Mr. Kodroff has actively litigated a number of securities cases, including *In re Unisys Corporation Securities Litigation*, No. 99-CV-5333 (E.D. Pa.); *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, No. 98 Civ. 4318 (HB) (S.D.N.Y.); *In re Valuevision International, Inc. Securities Litigation*, Master File No. 94-CV-2838 (E.D. Pa.); *In re GTECH Holdings Corp. Securities Litigation*, Master File No. 94-0294 (D.R.I.); *In re The Leslie Fay Companies, Inc. Securities Litigation*, No. 92 Civ. 8036 (S.D.N.Y.); *In re Surgical Laser Technologies, Inc. Securities Litigation*, No. 91-CV-2478 (E.D. Pa.); and *The Berwyn Fund v. Kline*, No. 4671-S-1991 (Dauphin Cty. C.C.P.).

He has served as lead or co-lead counsel in a number of other class actions, including *Kaufman v. Comcast Cablevision of Phila., Inc.*, No. 9712-3756 (Phila. C.C.P.); *In re Managed Care Litigation*, Master File No. 00-1334-MD (S.D. Fla.); *Kalodner v. Michaels Stores, Inc.*, No. 3:95-CV-1903-R (N.D. Tex.); *Tulino v. U.S. Healthcare, Inc.*, No. 95-CV-4176 (E.D. Pa.); *LaChance v. Harrington*, No. 94-CV-4383 (E.D. Pa.); *Smith v. Recordex*, No. 5152, June Term 1991 (Phila. Cty. C.C.P.); *Guerrier v. Advest Inc.*, C.A. No. 90-709 (D. N.J.); and *Pache v. Wallace*, C.A. No. 93-5164 (E.D. Pa.).

Prior to joining the firm, Mr. Kodroff was associated with its predecessor firm, Eugene A. Spector & Associates. His past experience also includes handling corporate transactions,

regulatory issues and commercial litigation with the law firm of McNees, Wallace & Nurick in Harrisburg, Pennsylvania.

Mr. Kodroff is admitted to practice in the Commonwealth of Pennsylvania and the United States District Courts for the Middle and Eastern Districts of Pennsylvania.  He is a member of the Pennsylvania, Philadelphia and American Bar Associations, and is AV-rated by Martindale-Hubbell.  He also serves on the advisory board for the Bureau of National Affairs *Class Action Litigation Report*.  Mr. Kodroff has appeared before the U.S. House of Representatives, Subcommittee on Housing and Community Opportunity, Committee on Banking and Financial Services on the issue of predatory lending.  He graduated from LaSalle University in 1986 with a B.S. in finance, and received his J.D. in 1989 from Temple University School of Law.  He is AV-rated by Martindale-Hubbell.

**JEFFREY J. CORRIGAN** joined SRK in 2000 as a partner to help direct the Firm's complex antitrust litigation.  From 1990 until 2000, he was a Trial Attorney with the U.S. Department of Justice in the New York office of the Antitrust Division.

Mr. Corrigan has extensive experience investigating and prosecuting complex antitrust and other white collar criminal cases.  He was lead counsel on numerous federal grand jury investigations and has significant federal trial experience as well.  His cases include *United States v. Tobacco Valley Sanitation*, Cr. H-90-4 (D. Conn. 1991); and *United States v. Singleton*, Crim. No. 94-10066 (D. Mass. 1995)).  He was nominated by the Antitrust Division in 1999 for the Attorney General's Distinguished Service Award for his work on a major case involving bid-rigging at state courthouses in Queens and Brooklyn in New York City, which resulted in 49 guilty pleas.  *United States v. Abrishamian*, No. 98 CR 826 (E.D.N.Y. 1998).  Mr. Corrigan also played a major part in *United States v. Canstar Sports USA, Inc.*, C.A. No. 93-7 (D. Vt. 1993), a complex civil antitrust case.

He is currently taking a leadership role in *In re OSB Antitrust Litigation*, Master File No. 06-CV-00826 (PSD) (E.D. Pa.), where he represents a nationwide class of direct purchasers; *In re Express Scripts, Inc., PBM Litigation*, Master Case No. 05-md-01672-SNL (E.D. Mo.); *In re Mercedes-Benz Antitrust Litigation*, Master File No. 99-4311 (D. N.J.); and *Twin Cities Bakery Workers Fund and Lynch, et al. v. Biovail Corp.*, C.A. No. 01-2197 (D. D.C.).  He was also active in *In re Linerboard Antitrust Litigation*, C.A. No. 98-5055 (E.D. Pa.), which settled for $202 million; *In re Buspirone Antitrust Litigation,* MDL Docket No.1413 (S.D.N.Y.) which in 2003 settled for $670 million for all plaintiff groups; and *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.).

Mr. Corrigan is a 1985 graduate of The State University of New York at Stony Brook, where he earned his B.A. in economics.  He received his J.D. in 1990 from Fordham University School of Law, where he was a member of the Moot Court Board. Mr. Corrigan is admitted to practice in the States of New York and New Jersey, and in the United States Court of Appeals for the Third Circuit; and the United States District Courts for the District of New Jersey, Southern District of New York and the Eastern District of New York.  He is also a member of the New Jersey, New York and American Bar Associations.

**THEODORE M. LIEVERMAN** is a partner in the Firm, focusing on class actions involving unions and union benefit funds. During his 25 years of practice, he has concentrated on civil litigation and appeals involving complex issues of federal law, including claims under the Labor Management Relations Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), federal civil rights statutes, constitutional law, the Employee Retirement Income Security Act (ERISA), the Labor-Management Reporting and Disclosure Act (LMRDA), and antitrust statutes. He has tried numerous cases to judges, juries, and administrative judges.

Mr. Lieverman currently represents employee pension and benefit funds in a number of class actions, including *In re K-Dur Antitrust Litigation*, C.A. No. 01-1652 (D. N.J.); *In re TriCor Antitrust Litigation*, C.A. No. 05-360 (D. Del.); *In re DDAVP Antitrust Litigation*, No. 05 Civ. 2237 (S.D.N.Y.); *In re Provigil Antitrust Litigation*, C.A. No. (E.D. Pa.); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1453 (D. Mass.). He has also helped direct as co-lead counsel *In re Vioxx*, Case Code No. 619 (N.J. Super. Law Div.) (co-lead counsel for nationwide consumer class); *Puleo v. Perrigo Co.*, C.A. No. 04-01474 (D.D.C.). He was also co-lead counsel in *In re Relafen Antitrust Litigation*, C.A. No. 01-12239 (D. Mass.), which settled for $75 million; *Cement Masons Local 699 Health & Welfare Fund v. Mylan Laboratories*, Docket No. MER-L-000431-99 (N.J. Super. L.), which in 2000 was part of a $147 million nationwide settlement; and lead counsel in *Penn Federation BMWE v. Norfolk Southern Corp.*, C.A. No. 02-9049 (E.D. Pa.), which alleged ERISA violations and settled for full relief to the class, including important changes in the company's 401(k) plan. In 2001, he was asked to file an amicus brief on behalf of a number of distinguished historians in the important copyright case of *New York Times Co. v. Tasini*, 533 U.S. 483 (2001).

Mr. Lieverman served as co-counsel for a nationwide class of retirees who sued Campbell Soup for lost medical benefits. *Local 56 UFCW v. Campbell Soup Co.*, 954 F. Supp. 1000, 1003 (D. N.J. 1997). He litigated one of the leading case on the use of labor-management cooperation programs in unionized workplaces. *E.I. duPont deNemours & Co.*, 311 NLRB No. 88 (1993).

Other notable cases in which Mr. Lieverman served as lead counsel include *Manufacturers Association of Tri-County v. Knepper*, 801 F.2d 130 (3d Cir. 1986), *cert. denied*, 484 U.S. 815 (1987); *Local 397 IUE v. Midwest Fasteners, Inc.*, 763 F. Supp. 78 (D. N.J. 1990), 779 F. Supp. 788 (D. N.J. 1992); *Doe v. Borough of Barrington*, 729 F. Supp. 376 (D. N.J. 1990); *Knoll v. Springfield Township School District*, 699 F.2d 137 (3d Cir. 1983), *vacated and remanded*, 471 U.S. 288 (1985), *on remand*, 763 F.2d 584 (3d Cir. 1985); and *Araujo v. Welch*, 742 F.2d 802 (3d Cir. 1984).

As a labor lawyer, he has represented many labor organizations, including Council 13, American Federation of State, County and Municipal Employees; Philadelphia Metal Trades Council; Pennsylvania AFL-CIO; Pennsylvania Federation, Brotherhood of Maintenance of Way Employes; Allied Pilots Association; United Food and Commercial Workers International Union; United Food and Commercial Workers Local 56; Chemical Workers Association; Glass, Molders, Pottery, Plastic and Allied Workers Union; Hotel Employees and Restaurant Employees Local 54.

During 1995-1997, Mr. Lieverman served as general counsel to the Court-appointed

Election Officer who conducted the 1996 officer elections for the 1.4 million members of the International Brotherhood of Teamsters. *United States v. International Brotherhood of Teamsters*, No. 88 Civ. 4486 (S.D.N.Y.) (numerous reported cases). He also served as general counsel for the Philadelphia Area Project on Occupational Safety and Health in 1983-1992.

He is admitted to practice in Pennsylvania, New Jersey and Massachusetts; the United States Supreme Court; United States Courts of Appeals for the Second, Third, Eleventh, D.C. and Federal Circuits; and the United States District Courts for the Eastern and Middle Districts of Pennsylvania, the District of New Jersey, and the Southern District of New York. He has served as an arbitrator for the United States District Court for the Eastern District of Pennsylvania and the Philadelphia Court of Common Pleas.

He has published a number of articles on the law as well as public policy issues, including (with Howard S. Simonoff) "The RICO-ization of Federal Labor Law: An Argument for Broad Preemption," 8 *The Labor Lawyer* 335 (1992), reprinted in 17 *RICO Law Reporter*, Jan. 1993, at 9; "Are You Ready for This? Some Clients to Avoid," *Trial*, vol. 25, no. 9, at 91 (September 1989); (with William Tomar) "'Caution: We've Discovered a Slight Problem . . .' The Continuing Duty To Warn in Products Liability Cases," *New Jersey Trial Lawyer* 85 (April 1990); "Law and Power: Some Reflections on Nicaragua, the United States and the World Court," 10 *Maryland Journal of International Law and Trade* 295 (1986).

Mr. Lieverman is AV- rated by Martindale-Hubbell and is listed in *Who's Who in America*, *Who's Who in American Law*, and *The Best Lawyers in America*. He has lectured on various legal issues to lawyers and union officials and has been an adjunct professor of law at Rutgers Law School-Camden. He earned a B.A. with general and departmental honors in History from Vassar College and a J.D. degree from Northeastern University Law School. Mr. Lieverman is a member of the AFL-CIO Lawyers Coordinating Committee and the Philadelphia Bar Association.

**ANDREW D. ABRAMOWITZ,** a partner in the Firm, graduated *cum laude* from Franklin and Marshall College in 1993, where he earned a B.A. in Government. Mr. Abramowitz received his J.D. in 1996 from the University of Maryland School of Law, where he was Assistant Editor for *The Business Lawyer*, published jointly with the American Bar Association. He was formerly an associate at Polovoy & Turner, LLC, in Baltimore, where he practiced commercial litigation and corporate transactional law, and was a law clerk at the Office of the Attorney General of Maryland in the Department of Business and Economic Development.

Among recent cases in which Mr. Abramowitz has participated are *In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK) (S.D.N.Y.); *In re Royal Dutch/Shell Securities Litigation*, C.A. No. 04-374 (D. N.J.); *In re Converium Holding AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.); *In re PSINet, Inc. Securities Litigation*, Civ. No. 00-1850-A (E.D. Va.); *In re Unisys Corporation Securities Litigation*, No. 99-CV-5333 (E.D. Pa.); *O'Brien v. Ashcroft* (*Tyco Corp. Derivative Litigation*), No. 03-E-0005 (N.H. Super. Ct.); *Brudno v. Wise* (*El Paso Corp. Derivative Action*), C.A. No. 19953NC (Del. Ch.); *In re Xcel Energy, Inc. Securities Derivative & "ERISA" Litigation*, MDL No. 1511 (D. Minn.); *In re Bristol-Myers Squibb Derivative Litigation*, No. 02 Civ. 8571 (S.D.N.Y.); *Penn Federation BMWE v. Norfolk*

*Southern Corp.*, C.A. No. 02-9049 (E.D. Pa.); *Rosenthal v. Dean Witter Reynolds, Inc.*, No. 91-CV-429 (Dist. Ct. Douglas Cty., Colo.); *In re Visa Check/MasterMoney Antitrust Litigation*, No. CV-96-5238 (S.D.N.Y.); *Moskowitz v. Mitcham Industries, Inc.*, C.A. No. H-98-1244 (S.D. Tex.); and *In re Flat Glass Antitrust Litigation*, C.A. No. 97-550 (W.D. Pa.).

Mr. Abramowitz is admitted to practice in the State of Maryland and the United States District Court for the District of Maryland. He is a member of the Maryland Bar Association.

**JOHN MACORETTA** represents both individuals and businesses in a wide variety of litigation and transactional matters, including secured and unsecured lending, collections, bankruptcy and insurance matters. He also represents investors in stock-broker arbitration and class-action securities fraud litigation.

He is involved in a number of significant cases, including *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.)*; In re Lupron Marketing and Sales Practices Litigation*, MDL No. 1430 (D. Mass.); *In re Unisys Corporation Securities Litigation*, No. 99-CV-5333 (E.D. Pa.); *Masters v. Wilhelmina Model Agency, Inc.*, No. 02 CV 4911 (S.D.N.Y.); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, C.A. No. M-02-1486 PJH (N.D. Cal.).

Mr. Macoretta graduated with honors from the University of Texas Law School in 1990 and received his undergraduate degree *cum laude* from LaSalle University in 1986. He is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey; the United States Court of Appeals for the Third Circuit; and the United States District Court for the Eastern District of Pennsylvania. In addition to being a member of the Philadelphia Bar Association, Mr. Macoretta also serves as an arbitrator in the Philadelphia Court of Common Pleas.

**WILLIAM G. CALDES** is a 1986 graduate of the University of Delaware, where he earned a B.A. with a double major in Economics and Political Science. Mr. Caldes received his J.D. in 1994 from Rutgers School of Law at Camden, and then served as law clerk to the Honorable Rushton H. Ridgway of New Jersey Superior Court, Cumberland County. Mr. Caldes was formerly associated with the law firm Meredith, Cohen, Greenfogel & Skirnick, where he practiced in the areas of antitrust, securities, and other complex litigation.

Among the recent cases in which Mr. Caldes has participated are *McDonough v. Toys "R" Us, Inc.*, C.A. No. 06-0242-AB (E.D. Pa.); *In re McKesson HBOC, Inc. Securities Litigation,* Master File No. 99-CV-20743 (N.D. Cal.); *In re K-Dur Antitrust Litigation*, MDL Docket No. 1419 (D. N.J.); *In re Relafen Antitrust Litigation*, C.A. No. 01-12239 (D. Mass.); *In re Buspirone Antitrust Litigation,* MDL Docket No.1413 (S.D.N.Y.); *In re Linerboard Antitrust Litigation*, C.A. No. 98-5055 (E.D. Pa.); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH (N.D. Cal.); *In re Baycol Products Litigation*, No. 1431 (D. Minn.); *In re Vitamins Antitrust Litigation*, Misc. No. 99-0197 (TFH) (D.D.C.).

He has also participated in such cases as *General Refractories Co. v. Washington Mills Electro Minerals Corp.*, No. 95-CV-580S(S) (E.D.N.Y.); *In re Brand Name Prescription Drugs*

*Antitrust Litigation*, No.94-C-897 (N.D. Ill.); *In re NASDAQ Market-Makers Antitrust Litigation,* MDL No. 1023 (S.D.N.Y.); *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.); and *In re Carpet Antitrust Litigation*, MDL No. 1075 (N.D. Ga.).  Mr. Caldes is admitted to practice in the Commonwealth of Pennsylvania, the State of New Jersey, the United States Court of Appeals for the Third Circuit, and the United States District Courts for the District of New Jersey and the Eastern District of Pennsylvania.

   **JAY S. COHEN** has focused his practice on complex and class action litigation, particularly antitrust cases, consumer protection and shareholder rights.  Mr. Cohen is currently co-lead counsel in *In re OSB Antitrust Litigation*, Master File No. 06-CV-00826 (PSD) (E.D. Pa.).  He was also actively involved in *In re Linerboard Antitrust Litigation*, C.A. No. 98-5055 (E.D. Pa.); *In re Industrial Silicon Antitrust Litigation*, Master File No. 95-2104 (W.D. Pa.); *In re Chlorine and Caustic Soda Antitrust Litigation*, Master File No. 86-5428 (E.D. Pa.); *In re Nylon Carpet Antitrust Litigation*, No. 4:98-CV-0267-HLM (N.D. Ga.); *In re Polypropylene Carpet Antitrust Litigation*, No. 4:95-CV-193-HLM (N.D. Ga.); and *Paper Systems, Inc. v. Mitsubishi Corp.*, No. 96-C-0959 (E.D. Wis.).

   Mr. Cohen has been lead counsel in class actions successfully prosecuted on behalf of consumers nationwide and in Pennsylvania, including *Duboff v. SmithKline Beecham, PLC.*, No. 5004 December Term 1990 (Phila. C.C.P.); *Tracy v. AAMCO Transmissions, Inc.*, No. 4840 October Term 1990 (Phila. C.C.P.); and, as co-lead counsel, in *Mauger v. Home Shopping Network, Inc.*, No.  91-6152-20-1 (Bucks Cty. C.C.P.).

   Mr. Cohen led the class action securities department of Gross & Sklar in 1987, where he had litigated shareholder rights cases since 1983.  Mr. Cohen was actively involved in successful class actions on behalf of defrauded investors, including *In re Oak Industries Securities Litigation*, Master File No. 83-0537 (S.D. Cal.); *In re Nucorp Energy Securities Litigation*, MDL No. 514 (S.D. Cal.); *Wilkes v. Heritage Bancorp, Inc.*, No. 90-11151-F (D. Mass.); *Philadelphia Electric Co. Derivative Litigation*, No. 7090 March Term 1987 (Phila. Cty. C.C.P.); *In re Flight Transportation Corp. Securities Litigation*, Master Docket No. 4-82-874 (D. Minn.); *Priest v. Zayre Corp.*, C.A. No. 86-2411-2 (D. Mass.); *Tolan v. Computervision Corp.*, C.A. No. 85-1396-N (D. Mass.); *In re U.S.  Healthcare, Inc. Securities Litigation*, Master File No. 88-0559 (E.D. Pa.); and *In re SmithKline Beecham Securities Litigation*, Master File No. 88-7474 (E.D. Pa.).

   Mr. Cohen was also associated with the firm of Kohn, Savett, Marion & Graf (now Kohn, Swift & Graf) (1978-1982).  There, he participated in a number of cases with multi-million dollar results, including *In re Fine Paper Antitrust Litigation*, MDL No. 323 (E.D. Pa.); *In re Folding Carton Antitrust Litigation*, Master File No. 250  (N.D. Ill.); *In re Glassine and Greaseproof Paper Antitrust Litigation*, MDL No. 475 (E.D. Pa.); *In re Water Heaters Antitrust Litigation*, MDL No. 379 (E.D. Pa.); *In re Corrugated Containers Antitrust Litigation*, MDL No. 310 (N.D. Tex.).

   Mr. Cohen served as a Captain in the United States Army Judge Advocate General's Corps in Falls Church, Virginia from 1974 to 1977, where his practice was limited to criminal appeals.  He also served as Case Notes Editor of *The Advocate*, which was a worldwide publication devoted to military law.

Mr. Cohen is admitted to practice in the Commonwealth of Pennsylvania; the United States Court of Appeals for the Third Circuit; the United States District Court for the Eastern District of Pennsylvania;  the Court of Military Appeals; and the Army Court of Military Review. Mr. Cohen received a B.A. degree *cum laude* from Temple University in 1971, and graduated with a  J.D. degree from Temple University School of Law in 1974.  He is a member of the Philadelphia Bar Association.

### ASSOCIATES

**DAVID FELDERMAN** is a 1991 graduate of the University of Pennsylvania where he earned a B.A. degree in Economics.  He received his J.D. degree *cum laude* from Temple University School of Law in 1996.  Upon graduation from law school, Mr. Felderman served as a law clerk to the Honorable Bernard J. Goodheart in the Court of Common Pleas, Philadelphia County.  He was formerly associated with the law firm of McEldrew & Fullam, P.C., where his practice focused on medical malpractice litigation.

Among the recent cases in which Mr. Felderman is involved are *Funeral Consumers Alliance, Inc. v. Service Corporation International*, C.A. No. H-05-3394 (S.D.Tex.); and *In re Insurance Brokerage Antitrust Litigation*, MDL Docket 1663 (D. N.J.); *Ong v. Sears Roebuck and Co.*, C.A. No. 03-4142 (N.D. Ill.); *In re Converium Holding AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.); and *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL Docket No. 1456 (D. Mass.);

He has also been involved in *In re AOL Time Warner Securities Litigation*, MDL Docket 1500 (S.D.N.Y.) (settled for $2.4 billion); *In re Microstrategy, Inc. Securities Litigation*, C.A. No. 00-473-A (E.D. Va.); *In re Revlon, Inc. Securities Litigation*, No. 99 Civ.10192 (S.D.N.Y.); *In re S3 Securities Litigation*, Master File CV770003 (Sup. Ct. Cal.); *In re McKesson HBOC, Inc. Securities Litigation,* Master File No. 99-CV-20743 (N.D. Cal.); *In re Lupron Marketing and Sales Practices Litigation*, MDL Docket No. 1430 (D. Mass); *In re Managed Care Litigation,* C.A. No. 00-1334-MD (S.D. Fla.); *In re Monosodium Glutamate Antitrust Litigation,* MDL Docket No. 1328 (D. Minn); *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.); *In re Mercedes-Benz Antitrust Litigation*, Master File No. 99-4311 (D. N.J.); and *In re Linerboard Antitrust Litigation*, C.A. No. 98-5055 (E.D. Pa.).

Mr. Felderman is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey, as well as in the United States Court of Appeals for the Third Circuit; and the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.  He is currently a member of the American and Philadelphia Bar Associations.  Mr. Felderman served a three year term (2000-2002) as a member of the Executive Committee of the Philadelphia Bar Association's Young Lawyers Division.  As part of this commitment, he co-Chaired Legal Line, P.M. which won a national award from Lexis-Nexis during the second year that he co-Chaired the program.   Mr. Felderman also previously served as a member of the Philadelphia Bar Association's State Civil Committee and the Pennsylvania Trial Lawyers Association's New Lawyer Section Leadership Council.  He is also a Charter Member of the Philadelphia Bar Foundation's Young Lawyers Division of the Andrew Hamilton Circle.

**DANIEL J. MIRARCHI** concentrates his practice in antitrust, securities and consumer litigation.  Prior to joining the Firm, He was associated with the law firms of Wilson, Elser, Moskowitz, Edelman & Dicker; and Marks, O'Neill, O'Brien & Courtney, where he handled products liability, complex insurance coverage and commercial matters.  His past experience also includes appointment as staff counsel to the AHP Settlement Trust, the entity responsible for administering the class action settlement reached in the *In re Diet Drugs Products Liability Litigation,* MDL No. 1203 (E.D. Pa.).

Among the recent cases in which Mr. Mirarchi has participated are *In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK) (S.D.N.Y.); *In re Converium Holding AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.); *Welmon v. Chicago Bridge & Iron Co. N.V.*, No. 06 Civ. 1283 (S.D.N.Y.)  He has also been active in *In re K-Dur Antitrust Litigation*, C.A. No. 01-1652 (D.N.J.); and  *In re Vioxx Litigation*, No. 619 (N.J. Super. L.).

He earned his B.A. from Temple University in 1995 and his law degree from the St. John's University School of Law in 1999.  During law school, Mr. Mirarchi was a legal extern for Justice Arthur Cooperman of the New York State Supreme Court, Queens County, and served as an intern to the Philadelphia District Attorney's Office and the Pennsylvania Attorney General's Office.

Mr. Mirarchi is admitted to practice in the State of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.  He is a member of the Philadelphia and Pennsylvania Bar Associations.

**RACHEL E. KOPP** earned her law degree from Villanova University Law School in 2003.  She served as president of the Law School's Sports and Entertainment Law Society, and received a Public Interest Fellowship from the Law School in 2002.  She earned her B.A. degree in 2000 from the University of Maryland, majoring in Government and Politics, with a concentration in Languages.

During law school, Ms. Kopp served as a legal intern with the Civil Rights Division of the U.S. Department of Justice in Washington, D.C.; MTV Networks; the mediation program of the U.S. Court of Appeals for the Third Circuit; Philadelphia Volunteer Lawyers for the Arts; and Volunteer Lawyers for the Arts in New York.  She is admitted to practice in Pennsylvania and New Jersey, as well as the U.S. District Court for the Eastern District of Pennsylvania.  She is a member of the American, Pennsylvania, and New Jersey Bar Associations.

She has been heavily involved in *In re Parmalat Securities Litigation*, No. 04 Civ. 0030 (LAK) (S.D.N.Y.); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.); and *In re Converium Holding AG Litigation*, No. 04 Civ. 07897 (MBM) (S.D.N.Y.).

**MARY ANN GIORNO** graduated *cum laude* from St. Joseph's University in 2000, with a B.S. degree in Finance.  She received her Juris Doctor degree from the Widener University School of Law in 2003, where she served as the Articles Editor of the Widener Law Symposium Journal.  She also was a legal intern for the Honorable James J. Fitzgerald of the Philadelphia

Court of Common Pleas.

Prior to joining the Firm, Ms. Giorno was associated with the law firms of Margolis Edelstein; and Weber Gallagher Simpson Stapleton Fires & Newby, LLP, both located in Philadelphia. She has successfully tried numerous arbitrations and a major jury trial.

Ms. Giorno is currently admitted to practice law in Pennsylvania, New Jersey, and the United States District Court for the Eastern District of Pennsylvania. Ms. Giorno currently serves as an Arbitrator for the Philadelphia Court of Common Pleas and is a member of the American, Pennsylvania, and Philadelphia Bar Associations.

**JONATHAN M. JAGHER** was a supervising Assistant District Attorney for the Middlesex District Attorney in Cambridge, Massachusetts. As a prosecutor, he tried approximately forty cases to a jury and conducted numerous investigations. Mr. Jagher was previously associated with the law firm of Bellotti & Barretto, P.C., in Cambridge, Massachusetts, handling civil litigation. He is currently working on *In re OSB Antitrust Litigation*, Master File No. 06-CV-00826 (PSD) (E.D. Pa.). Mr. Jagher received a B.A. degree *magna cum laude* from Boston University in 1998, and a J.D. degree from Washington University School of Law in 2001. He is currently admitted to practice law in Pennsylvania, Massachusetts, the United States Court of Appeals for the Third Circuit, and the United States District Court for the District of Massachusetts.

# EXHIBIT F

Yahoo! My Yahoo! Mail

Search: [                    ]    Web Search

**YAHOO!** FINANCE    Sign In    Finance Home - Help    PrimeNewswire
New User? Sign Up

**Welcome [Sign In]**    To track stocks & more, Register

**Financial News**

Enter symbol(s) [          ]    [Basic    ▼]    Get    Symbol Lookup

**Press Release**    Source: Roy L. Jacobs, Esq.

# Roy Jacobs & Associates Files Class Action Lawsuit On Behalf of Purchasers of Orion Energy Systems, Inc. Securities -- OESX

Monday February 11, 2:37 pm ET

NEW YORK, Feb. 11, 2008 (PRIME NEWSWIRE) -- Roy Jacobs & Associates announces that it has commenced a Class Action lawsuit in the United States District Court for the Southern District of New York on behalf of a class (the ``Class'') of all persons who purchased or acquired the common shares of Orion Energy Systems, Inc. (``Orion'' or the ``Company'') (NasdaqGM:OESX - News) in the Initial Public Offering (``IPO'') on December 18, 2007 or in the open market from December 18, 2007 through February 6, 2008 (the ``Class Period'').

For further information, please contact Roy L. Jacobs, Esq. toll-free at 1-888-884-4490 or by e-mail to rjacobs@jacobsclasslaw.com. You may also sign up at our website at http://www.jacobsclasslaw.com/.

With respect to the IPO, Orion realized over $78 million in proceeds, while Chief Executive Officer Neal R. Verfuerth (``Verfuerth'') and family sold 600,000 shares for proceeds of approximately $7 million. On February 6, 2008, just weeks after its IPO, Orion revealed news concerning the Company which completely surprised analysts and investors, and caused the stock to drop approximately 43%, to a price of $8.51 per share.

Orion is a manufacturer of efficient lighting and energy systems to businesses. The Prospectus for its IPO described a Company that was quickly growing revenues from existing product lines, and briefly described product line extensions. After the close of trading on February 6, 2008, Orion revealed that revenues in its current fiscal quarter would decline as the Company took aggressive measures to promote a ``new business model,'' a change in focus that is alleged not to have been adequately disclosed or described in the IPO Prospectus. During the February 6, 2008 conference call, Orion executives, including Verfuerth, appeared unable to explain to the satisfaction of securities analysts this surprising news about the business model change on the heels of the IPO, or its impact on revenues.

The complaint charges Orion, certain of its officers and directors and the underwriters who sponsored the IPO with violation of the federal securities laws by issuing a Registration Statement and Prospectus in connection with the IPO which was materially false or misleading due to omissions. The law generally imposes strict liability on defendants responsible for a materially false Registration Statement and Prospectus, including for purchases made in the open market after the IPO; no fraud need be proved to recover.

If you purchased Orion shares during the Class Period, December 18, 2007 through February 6, 2008, you may qualify to serve as Lead Plaintiff on behalf of the Class. All motions for appointment as Lead Plaintiff must be filed by April 11, 2008. If you wish to discuss this action or have any questions concerning this notice or your rights with respect to this matter, please contact Roy L. Jacobs. Mr. Jacobs will personally speak with you at no cost or obligation.

You may also join this action by visiting our website at http://www.jacobsclasslaw.com/.

More information on this and other class actions can be found on the Class Action Newsline at http://www.primenewswire.com/ca.

*Contact:*

```
Roy Jacobs & Associates
Roy L. Jacobs, Esq.
1-888-884-4490
rjacobs@jacobsclasslaw.com
www.jacobsclasslaw.com
```

Source: Roy L. Jacobs, Esq.

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 PrimeNewswire. All rights reserved. Redistribution of this content is expressly prohibited without prior written consent.
PrimeNewswire makes no claims concerning the accuracy or validity of the information, and shall not be held liable for any errors, delays, omissions
or use thereof.